UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO ROSAS,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>    Respondent. | No.  2:23-cv-0616 DB P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

    Petitioner, a federal prisoner proceeding pro se, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee ($5.00) in this case. See 28 U.S.C. §§ 1914(a); 1915(a). Even though petitioner has not paid the filing fee, the undersigned will recommend the petition be dismissed as duplicative.

    Examination of this action and the court's records reveals that the petitioner is already proceeding with an exact copy of the same petition for relief in another action filed on the same day as this action. See Mario Rosas v. Warden, No. 2:23-cv-0617-WBS-AC (E.D. Cal.). In that action, petitioner paid the filing fee. In that action, by order and findings and recommendations dated June 15, 2023, the petition was screened, found not to state a claim, and it has recommended that the petition be denied.

////

1  "It is well established that a district court has broad discretion to control its own docket,
2  and that includes the power to dismiss duplicative claims." M.M. v. Lafayette Sch. Dist., 681 F.3d
3  1082, 1091 (9th Cir. 2012) (citing Adams v. California Dep't of Health Servs., 487 F.3d 684,
4  688-89 (9th Cir. 2007)). A suit is duplicative if the "claims, parties, and available relief do not
5  significantly differ between the two actions." Barapind v. Reno, 72 F. Supp.2d 1132, 1145 (E.D.
6  Cal. 1999) (quoting Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc., 572 F.
7  Supp. 1210, 1213 (N.D. Ill. 1983)).

8  When a complaint involving the same parties and issues is already proceeding in another
9  federal district court, the court has discretion to abate or dismiss the second action. Barapind v.
10 Reno, 72 F. Supp.2d at 1144. Federal comity and judicial economy give rise to rules which allow
11 a district court to transfer, stay, or dismiss such an action. Id. at 1145. "[I]ncreasing calendar
12 congestion in the federal courts makes it imperative to avoid concurrent litigation in more than
13 one forum whenever consistent with the right of the parties." Crawford v. Bell, 599 F.2d 890, 893
14 (9th Cir. 1979).

15 Due to the duplicative nature of the present action with the other action filed on the same
16 day, this action should be dismissed. Petitioner should proceed on the other action for which he
17 has paid the filing fee.

18 In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court
19 shall assign a district judge to this case.

20 In addition, IT IS HEREBY RECOMMENDED as follows:

21 1. This action be dismissed as duplicative to Mario Rosa v. Warden, 2:23-cv-0617-WBS-
22 AC (E.D. Cal.).

23 2. The Clerk of the Court be directed to close this case.

24 These findings and recommendations are submitted to the United States District Judge
25 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21)
26 days after being served with these findings and recommendations, petitioner may file written
27 objections with the court and serve a copy on all parties.  Such a document should be captioned
28 "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that

failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 22, 2023

DLB7
rosa0616.dup.fr

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE